UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-923-RGJ

**ANTWAIN RASHAWN PORTER,**  **Plaintiff,**

v.

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**  **Defendants.**

**Report & Recommendation**

On February 16, 2018, the Court referred the issue of plaintiff's competency to the undersigned for a report and recommendation on whether the Court should appoint a guardian ad litem and/or counsel for him. (DN 150.) On June 28, 2018, the undersigned held a hearing on the record to address these issues. The plaintiff and his mother, Janice Porter, appeared on his behalf. I. Joel Frockt appeared for defendants Michael Hogan and Lester J. Padilla-Archilla. Shawn Ragland appeared for defendant Corizon Health Services. April Dowell was the court reporter.

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. PRO. 17(c)(2). Though this rule mandates action by the Court in certain circumstances, it leaves identifying those circumstances and choosing what action to take "to the discretion of the district courts." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012).

A guardian *ad litem* has "authority to engage counsel, file suit, and to prosecute, control and direct the litigation. As an officer of the court, the guardian ad litem has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action." *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974) (internal quotation marks omitted).

After reviewing the docket and considering the testimony presented at the June 28 hearing, the undersigned finds that appointment of a guardian *ad litem* is both warranted and the most appropriate action in this case. At the June 28 hearing, both the plaintiff and his mother expressed concerns about his ability to manage his case. The defendants voiced no dissent. Furthermore, given the age and condition of this case's docket, a guardian *ad litem* would be best suited to help the Court secure a sounds resolution of the case.

Furthermore, the undersigned finds that Philip M. Longmeyer of Dinsmore & Shohl LLP is most aptly suited to serve as Porter's guardian *ad litem*. Mr. Longmeyer routinely appears before this Court as a CJA-appointed attorney and is on the list of attorneys willing to serve as a guardian *ad litem* before Jefferson Circuit Court. The undersigned has conferred with Mr. Longmeyer, and he has expressed his willingness to serve in this matter, pending a conflict check.

ACCORDINGLY, the undersigned **RECOMMENDS** that Philip M. Longmeyer be appointed as the plaintiff's guardian *ad litem*.

cc: Counsel of record
 *Pro se*

0:15

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. FED. R. CRIM. P. 59(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.*; *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).