UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTWAIN RASHAWN PORTER                                              Plaintiff

v.                                          Civil Action No. 3:13-CV-923-RGJ-CHL

LOUISVILLE JEFFERSON COUNTY                                        Defendants
METRO GOVERNMENT, ET AL.,

\* \* \* \* \*

## ORDER

This matter comes before the Court on the Report and Recommendation (the "R&R") [DE 158] of the United States Magistrate Judge on the issue of whether a guardian *ad litem* and/or counsel should be appointed for Plaintiff. This issue was referred United States Magistrate Judge Colin H. Lindsay. [DE 150]. On June 28, 2018, Judge Lindsey held a hearing and issued a R&R, finding a guardian *ad litem* warranted, and recommending attorney Philip M. Longmeyer be appointed. [DE 158]. No objections were filed to the R&R. This matter is now ripe for adjudication. For the reasons set forth below, the Court will **ACCEPT in part** and **MODIFY in part** the R&R.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, a district court may refer a pretrial matter to a magistrate judge for the preparation of a report and recommendation. "[T]he magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Then, the "district judge may accept, reject, or modify the recommended disposition…" *Id*. The Court need not review under a *de novo* or any other standard

those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn,* 474 U.S. 140, 150, 155 (1985).

Here, no objections were filed to the R&R.[1] Thus, the Court may accept the R&R without *de novo* review. However, the Court has been made aware that the recommended guardian *ad litem* has a conflict of interest preventing him from taking the matter. As a result, a different attorney willing to serve as guardian *ad litem* and with no conflict has been identified and the recommended disposition in the R&R will be modified in that regard. Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge, [DE 158], is **accepted in part and modified in part** as set forth herein;

(2) Attorney James M. Bolus, Jr. of Bolus Law Offices, 600 West Main Street, Suite 500, Louisville, Kentucky 40202, is appointed to serve as Plaintiff Antwain Rashawn Porter's guardian *ad litem*.

cc: Counsel
James M. Bolus, Jr., Esq.

---

[1] At the June 28, 2018 hearing held by the United States Magistrate Judge, both the plaintiff and his mother expressed concerns about his ability to manage his case and the defendants voiced no dissent. [DE 158].